THOMAS J. TILLEY *vs.* WINTHROP DE WOLF, Receiver of the Franklin Institution for Savings.

When a writ of attachment is served in different counties by different officers; but one charge of the one twentieth of one per cent. spoken of in Gen. Stat. R. I. cap. 246, § 22, is taxable as costs. The amount so taxable will be divided among the officers according to the value of the estates respectively attached by them.

ASSUMPSIT. Heard by the court, jury trial being waived. Gen. Stat. R. I. cap. 246, § 22, allows to sheriffs and their deputies, town sergeants and constables, as a part of their fees, "if the damage laid in a writ of arrest, attachment, or replevin be over five hundred dollars . . . . one twentieth of one per cent. for all sums over."

November 10, 1877. Winthrop De Wolf, receiver, sued out his writ [1] against the A. & W. Sprague Manufacturing Company, William Sprague and Amasa Sprague, copartners, ordering the attachment of the defendants' realty in Providence, Kent, and Washington counties. The *damnum* in the writ was sufficiently large to make the one twentieth of one per cent. spoken of in the statute amount to $499.75, which sum was paid to one of the deputy sheriffs of Providence County, on his demand and before service of the writ.

---

[1] See *ante*, p. 133.

Providence County.                                    Statement of Case.

December 28, 1878. This court held in *De Wolf, Receiver,* v. *A. & W. Sprague Manuf. Co. et als.*, in an oral opinion then given, that but one poundage or sum of one twentieth of one per cent. could be charged and taxed in the costs.

The sheriffs of Kent and Washington counties demanded of De Wolf, receiver, a sum equal to that paid the deputy sheriff in Providence County, and payment being refused, Tilley, the sheriff of Kent County, brought this suit.

*July* 5, 1879. PER CURIAM. This is an action by a sheriff for poundage upon the service of a writ in an action brought by Winthrop De Wolf, receiver, against the A. & W. Sprague Manufacturing Company and others. The writ in that case was served by attachment of real estate, and attachments were made in three different counties.

The court has heretofore decided that only one poundage was taxable as costs. The court now decides that the poundage is apportionable among the several officers who made the attachments, according to the proportionate values of the estates respectively attached by them. The case will stand for a further hearing on the question of amount.

*Case reserved for hearing.*

*Dexter B. Potter*, for plaintiff.
*Vincent & Carpenter*, for defendant.